**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TEDDIE CRAIG, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:09-cv-0709-RCJ-VPC |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| STATE OF NEVADA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, who is an inmate in the Lovelock Correctional Center in Lovelock, Nevada, has submitted a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (#1-1) and has filed a Motion for Mercy From the Court's Order" (docket #8) and a Motion to Raise Claim to a Hate Crime by Retaliation (docket #9).

**I.      Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).  Pro se pleadings, however, must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

2

1 conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of
2 infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual
3 allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28
4 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.      Discussion**

Plaintiff sues Defendants C/O Carrol, Caseworker Gibbs, Caseworker Debby Noels, and Caseworker Lesa Walsh in both their individual and official capacities for violation of Title VII - gay bashing and discrimination. Plaintiff complains that he was subjected to discrimination and sexual harassment because he is gay. Plaintiff seeks monetary damages as well as injunctive relief.

**A.      Count One**

Plaintiff claims that he was discriminated against and sexually harassed in violation of Title VII, the Fourteenth Amendment and Nevada Department of Corrections Administrative Regulations because defendant Carroll does not like homosexuals, having made statements about "all these faggets [sic] in my unit," and that 56 items of plaintiff's personal property were confiscated by Carroll during a cell rollup, including all items plaintiff possessed that had the words "gay and/or homosexual on them." Plaintiff contends the defendant gave some of these confiscated items to others and that the defendant's actions were "excessive."

Title VII (42 U.S.C. § 2000e-200e-17) prohibits discrimination in employment, not discrimination generally. Thus, plaintiff's Title VII claims cannot proceed. Moreover, it is not illegal under 42 U.S.C. § 1983 to verbally harass an individual, *Oltarzewski v. Ruggiero,* 830 F.2d 136, 139 (9th Cir. 1987); *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cr. 2004). Verbal harassment intended to humiliate or endanger the inmate may be a constitutional violation. *See Somers v. Thurman,* 109 f.3d 614, 622 (9th Cir. 1997). Neither are homosexuals a suspect class for purposes of equal protection under the Fourteenth Amendment.

///

///

Plaintiff's count one fails to state a claim under § 1983 for discrimination or harassment.

The issue of his personal property must be handled in state court. In *Hudson v. Palmer*, the United States Supreme Court held that intentional deprivation of an inmate's property by prison employees does not violate the Due Process Clause provided that adequate state post-deprivation remedies are available. *Id.,* 468 U.S. 517, 533-534 (1984). Nevada law provides for civil actions for the wrongful deprivation of property by state officials. *See* NRS 41.041; NRS 41.0322.[1] He may not proceed in this court on that basis. Count one shall be dismissed.

**B.     Count Two**

In his second claim, plaintiff alleges discrimination and sexual harassment under Title VII, the Fourteenth Amendment, and NDOC regulations when defendant Caseworker Gibbs denied plaintiff's request to transfer into a different housing unit.[2] He alleges that another inmate was aware of plaintiff's 2003 disciplinary history involving sexual conduct. He contends this information is dangerous because he is housed on "a medical yard and most inmates that mess with gays have H.I.V." Plaintiff complains that the caseworker, Gibbs, told the other inmates of the disciplinary matters in order to cause him harm by the other inmates.

As noted above, homosexuals are not a protected class under the Equal Protection clause, and Title VII addresses prohibited employment practices, none of which are discrimination on the basis

---

[1] 1. A person who is or was in the custody of the Department of Corrections may not proceed with any action against the Department or any of its agents, former officers, employees or contractors to recover compensation for the loss of his personal property, property damage, personal injuries or any other claim arising out of a tort pursuant to NRS 41.031 unless the person has exhausted his administrative remedies provided by NRS 209.243 and the regulations adopted pursuant thereto.
* * *
4. If a person has exhausted his administrative remedies and has filed and is proceeding with a civil action to recover compensation for the loss of his personal property, property damage, personal injuries or any other claim arising out of a tort, the Office of the Attorney General must initiate and conduct all negotiations for settlement relating to that action.

[2] Plaintiff does not make clear whether he wants to transfer into or out of the Worker's Unit.

4

1  of sexual orientation.  However, it may be a violation of the Eighth Amendment for correctional officers
2  to create a dangerous situation for an inmate by releasing confidential and dangerous information about
3  that inmate to others which may result in harm.  *Hoptowit v. Ray,* 682 F.2d 1237, 1250 (9th Cir. 1982)
4  ("Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.") In such
5  a case, the inmate must show that the official knew of and disregarded an excessive risk to the inmate's
6  safety.  *Farmer v. Brennan,* 511 U.S. 825, 833 (1994).

7  Plaintiff shall be given an opportunity to amend his complaint as to this claim for relief.

8  **C.  Count Three**

9  In his final claim, plaintiff alleges discrimination and sexual harassment where an
10 individual behaved poorly because plaintiff was required to use her pen to sign a document.  The
11 individual, defendant Debby Noels, expressed distaste by way of a sour facial expression when
12 plaintiff had to use her pen.  He alleges without stating any illuminating facts, that he was then
13 transferred to her unit in the "hole" and that she treated him poorly when he asked for assistance with
14 some paperwork.

15 Plaintiff has failed to state a claim under count three.  Harassment and lack of
16 professionalism is not a violation of § 1983.  Count three shall be dismissed.

17 **D.  Pending Motions**

18 Plaintiff has also filed two motions: one seeking relief from the court's Order requiring
19 him to pay the full $350 filing fee through installments when he has money in his prison account.  He
20 contends that because he doesn't know the law and his spelling and grammar are poor he should be
21 excuse.  This motion shall be denied.

22 The second motion seeks to amend his complaint to include an allegation of a hate
23 crime by retaliation.  Plaintiff may amend his complaint to include allegations of retaliation.  He is
24 advised, however, to provide the court with sufficient facts and background to be able to understand
25 his claims.

26

### III.     Conclusion

Plaintiff's claims one and three shall be dismissed with prejudice.  He shall be given an opportunity to amend count two to state a claim under the Eighth Amendment against defendant Gibbs.  He may also attempt to raise a claim for retaliation, as set forth above.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **FILE** the complaint.

**IT IS FURTHER ORDERED** that counts one and three are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that count two is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**.  Plaintiff shall be given thirty days from entry of this order to file an amended complaint in conformance with this order

**IT IS FURTHER ORDERED** that the Motion for Mercy (docket #8) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion to Raise Claim (docket #9) is **GRANTED**.

DATED: This 19th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE